UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**CRAIG MOSKOWITZ,** on behalf of himself and all others similarly situated,

                    Plaintiff,

      -vs.-

**CLINILABS, INC.,**

                    Defendant.

**FIRST AMENDED COMPLAINT**

**15 CV 7838 (PKC)**

**Class Action**

**Jury Demanded**

Comes now Craig Moskowitz ("Moskowitz" or "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

1. Plaintiff is bringing this class action against Clinilabs, Inc. ("Clinilabs" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (the "TCPA").

2. Defendant, using an automatic telephone dialing system, made a call to Plaintiff's cellular telephone and left a text message inviting Plaintiff to participate in a "Clinilabs Insomnia Study" for which compensation "may be provided." This call was made without Plaintiff's prior express permission. This call violated the TCPA, which prohibits the making of any text message calls using an automatic telephone dialing system without the prior express consent of the person being called. For the past four years, Defendant has made thousands of calls that tried to recruit persons to participate in clinical studies to the cellular telephones of thousands of persons throughout the United States without obtaining the prior express consent of the persons being called.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction over this action under 28 U.S.C. §

1331 and 47 U.S.C. § 227.

4. Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which Defendant resides.

## PARTIES

5. Plaintiff is a citizen and resident of Connecticut.

6. Upon information and belief, Defendant is a Delaware corporation with its principal place of business located at 423 West 55th Street, 4th Floor, New York, New York 10019.

## STATUTORY BACKGROUND

### The TCPA

7. The TCPA prohibits a person from making a text message telephone call using an automatic telephone dialing system to any telephone number assigned to a cellular telephone service, without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

8. The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

9. Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## **DEFENDANT' ILLEGAL CONDUCT**

10. Upon information and belief, on or about September 11, 2015, Defendant used equipment ("the Autodialer") — that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers — to make text message telephone calls to the cellular telephones of Plaintiff and thousands of other persons throughout the United States without the express consent of Plaintiff and the other persons that Defendant called.

11. Upon information and belief, the text message that Defendant sent to the cellular telephones of Plaintiff and thousands of other persons throughout the United States on or about September 11, 2015 stated as follows: "(Insomnia?) Clinilabs Insomnia Study. Compensation may be provided. Call 212-994-4567. Text REPLY to be contacted by a recruiter. CB# 2129944567." A copy of this text message as it appeared on Plaintiff's cellular telephone is attached hereto as Exhibit A.

12. Upon information and belief, from October 4. 2011 through October 4, 2015, Defendant, using the Autodialer or another device with identical characteristics, made thousands of additional text message telephone calls that tried to recruit persons to participate in clinical studies to thousands of persons' cellular telephones throughout the United States without their prior express consent.

## **CLASS ALLEGATIONS**

13. Plaintiff brings this class action for Defendant's violations of the TCPA, on behalf

of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

14. Plaintiff seek to represent a class of individuals ("the Class") defined as follows: All persons in the United States, from October 4, 2011 through October 4, 2015, to whom Defendant, using the Autodialer or another device with identical characteristics, made text message telephone calls to the persons' cellular telephones, that tried to recruit persons to participate in clinical studies.

15. <u>Numerosity</u>: The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the Class's members through this class action will benefit both the parties and this Court.

16. Upon information and belief the Class contains at a minimum thousands of members.

17. Upon information and belief, the Class's size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.

18. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

19. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

20. Defendant, using the Autodialer, or another device with identical characteristics,

made at least one text message telephone call to Plaintiff's and each member of Class's cellular telephone, without their prior express consent, which text message tried to recruit persons to participate in clinical studies.

21. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class.

22. The questions of fact and law common to Plaintiff and Class predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's making text message calls to Plaintiff's and the members of Class's cellular telephones, which text message tried to recruit persons to participate in clinical studies, using the Autodialer or another device with identical characteristics, violated the TCPA?

(b) Whether Plaintiff and the members of the Class provided Defendant with prior express consent to the above-described text message calls?

(c) Whether Plaintiff and the members of the Class are entitled to statutory damages from Defendant under the TCPA?

(d) Whether Defendant's violations of the TCPA were willful or knowing?

(e) Whether Plaintiff and the members of the Class are entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

(f) Whether Plaintiff and the members of the Class are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

23. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class.

Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts and class action litigation.

24. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

25. <u>Injunctive Relief</u>: Defendant has acted on grounds generally applicable to Plaintiff and members of the Class, thereby making appropriate final injunctive relief with respect to Plaintiff and the members of Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

26. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

27. By Defendant's above-described conduct, Defendant committed more than 10,000 violations of the TCPA against Plaintiff and the members of the Class.

28. Accordingly, Plaintiff and the members of the Class are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering Defendant to cease its violations of the TCPA.

29. If it is found that Defendant willfully and/or knowingly violated the TCPA through its calls to Plaintiff and the members of the Class, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. An order certifying the Class and appointing Plaintiff as the representative of the Class and appointing the law firm representing Plaintiff as counsel for the Class;

B. An award to Plaintiff and the members of the Class of more than $5,000,000 against Defendant for its violation of the TCPA;

C. If it is found that Defendant willfully and/or knowingly made the telephone calls described herein to Plaintiff and the members of the Class, Plaintiff requests an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three

times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to more than $15,000,000;

      D.      An injunction against Defendant, on behalf of Plaintiff and the members of the Class, prohibiting Defendant from violating the TCPA; and

      E.      Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: White Plains, New York
       October 9, 2015

                                    Respectfully submitted,

                                    BELLIN & ASSOCIATES LLC

                                    /s/Aytan Y. Bellin
                                    By: Aytan Y. Bellin, Esq.
                                    Attorneys for Plaintiff and the Proposed Class
                                    85 Miles Avenue
                                    White Plains, New York 10606
                                    Tel: (914) 358-5345
                                    Fax: (212) 571-0284
                                    E-mail: aytan.bellin@bellinlaw.com

# EXHIBIT A



(Insomnia ?) Clinilabs Insomnia Study. Compensation may be provided. Call 212-994-4567. Text REPLY to be contacted by a recruiter.

CB#: 2129944567